IN THE DISTRICT COURT IN AND FOR OKLAHOMA COUNTY

STATE OF OKLAHOMA          FILED IN DISTRICT COURT
                                                    OKLAHOMA COUNTY

|  |  |
|---|---|
| ALYSSA MERKLEY, ZOE GRIGG, | ) |
| KALEI MARTIN, KALSEY COLE, | ) |
| MCKENZIE BOOKOUT, RAEGAN FOSTER, | ) |
| BRINLEY DUNLAP, ABBEY THOMPSON, | ) |
| DAKOTA ROSS, DEMI WEER, Individually | ) |
| and as Members of the University of Central | ) |
| Oklahoma Cheer Team 2020-2021, | ) |
|  | ) |
| Plaintiffs, | ) |
|  | ) |
| vs. | ) |
|  | ) |
| STATE OF OKLAHOMA, ex rel., | ) |
| BOARD OF REGENTS OF | ) |
| UNIVERSITY OF CENTRAL | ) |
| OKLAHOMA, ex rel., UNIVERSITY'S | ) |
| OFFICE OF STUDENT CONDUCT, | ) |
|  | ) |
| Defendants. | ) |

APR 1 2 2021

RICK WARREN
COURT CLERK
59_____

CV - 2021 - 806

CASE NO. _____

## PETITION FOR WRIT OF MANDAMUS, OR ALTERNATIVELY, FOR WRIT OF PROHIBITION, AND APPLICATION FOR TEMPORARY RESTRAINING ORDERS, AND FOR TEMPORARY AND PERMANENT INJUNCTION

COMES NOW the Plaintiffs, Alyssa Merkley, Zoe Grigg, Kalei Martin, Kalsey Cole, McKenzie Bookout, Raegan Foster, Brinley Dunlap, Abbey Thompson, Dakota Ross, and Demi Weer, Individually and as Members of the University of Central Oklahoma Cheer Team 2020-2021, hereinafter "CHEER TEAM", pursuant to Okla. Stat. tit. 12, §§ 1382, 1383 and 1384.1, and respectfully submit this Petition for Writ of Mandamus, or alternatively, for Writ of Prohibition, and also an Application for

1

**Exhibit 2**

Temporary Restraining Orders and for Temporary and Permanent Injunction.  In support hereof, Plaintiffs would allege and state as follows:

1.      All of the Plaintiffs are individuals and were members of the University of Central Oklahoma Cheer Team for the school year 2020-2021.  Some were "Rookies" (first year), and some were "Advanced" (older than the first year).  All continued in that capacity at all times material herein, and intended to continue in that capacity for the remainder of the school year.  All eligible intended and desired to continue in future years and intended to continue to be team members that associated or affiliated with the Cheer Team for many years to come.  All have had their liberty and property interests impacted and damaged by the actions of Defendants.

2.      Defendants are The University of Central Oklahoma, an institution of the Regional University Board of Regents of the State of Oklahoma, and the University's Office of Student Conduct, all singly and collectively referred to herein as "UCO."  UCO is an institution of higher education and a part of the Regional University System of Oklahoma, which is established in the Oklahoma Constitution.

3.      Due to the actions of Defendants, all the Plaintiffs, and also other members of the UCO Cheer Team, have been suspended or removed from the UCO Cheer Team without Due Process of Law, as guaranteed by the United States Constitution Amendment 14, § 1,[1] and the Oklahoma Constitution Article 2 § 7.[2]

---

[1]  "... No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

**Exhibit 2**

3.     The UCO Defendants' actions, as more particularly described herein, prohibited them from continued and future participation and terminated all cheer activities for the balance of the 2020-2021 school year and beyond.

4.     Plaintiffs will suffer immediate and irreparable injury, loss, and damage because they will not be allowed to participate in cheer-related activities at UCO for the next two years, including competing in national competitions.  In some instances, Plaintiffs and others are banned from any association with the cheer team until 2099.  In short, they have lost the opportunity to participate in activities they have spent years training, practicing, and participating in at the college level and, in most cases, long before.

5.     The precursor to events at issue in this action began on or about August 10 and 11, 2020, when UCO Cheer Camp was held with Coach Jenni Hawkins and Coach Drisle, a NCA member.[3]  At that time, the team signed a memo of understanding and worked together for the upcoming school year.

6.     On August 12, 2020, the Cheer Team held their Big/Little reveal where Big Sisters were disclosed to the new team members.  That event occurred at Hafer Park in Edmond, Oklahoma.  Following that, a Team Bonding event took place at the personal residence of several team members.  That residence was also in Edmond, Oklahoma. That event's purpose was to do what its name suggests, allow the team to bond as a group, and it was a successful event.

---

[2] "No person shall be deprived of life, liberty, or property, without due process of law."
[3] National Cheerleaders Association

**Exhibit 2**

7.      The Cheer Team also successfully participated in all scheduled events throughout the school year without any meaningful incidents.

8.      Over six months later, on or about February 25, 2021, a National Decision Survey was sent to UCO cheerleaders.   Nineteen members of the UCO Cheer Team qualified to go to the National Competition.

9.      On February 28, 2021, the survey results were emailed to the UCO cheerleading team, telling them they will not be allowed to compete virtually.

10.     On March 1, 2021, almost seven months after the Team Bonding event, a message was sent via GroupMe application to the Cheer Team members informing them that hazing allegations had been made.

11.     On March 5, 2021, an email was sent to the Cheer Team informing them of the investigation and fact interviews were going to be conducted.

12.     During the period of March 1-18, 2021, it appears that the investigation took place, and interviews with some team members were conducted.

    a.      During the "investigation" the subjects of the investigation, including all Plaintiffs, were not apprised of the specific charges against them, they were given no copy of the charges, they were denied the opportunity even to understand what they were responding to.  Everything was done in secret.
    b.      None of the subjects were given a Garrity Warning as required when alleged criminal activity is being pursued.  *Garrity v. State of N.J.*, 385 U.S. 493, 87 S.Ct. 616, 17 L.Ed.2d 562 (1967) The Garrity Warning is even required when the subjects of the interview do not know that *potential* criminal charges are being pursued.  Plaintiffs now know that UCO was investigating criminal charges, 21 O.S. § 1190.
    c.      Plaintiffs were given no notice and afforded no opportunity to be heard, thereby denying them Due Process of Law.
    d.      Cheer Team members were told that they would have no contact with their parents.

4

**Exhibit 2**

13.    The UCO Defendants found the Cheer Team guilty of a series of charges and prohibited all members from participating in Cheer Team activities for two (2) years. This determined they were banned from participating in the highly-coveted national competition for this year, and they are not allowed to compete during the suspension term.   Individual members were subjected to punishments ranging from suspension for two years to not being allowed to do anything with the Cheer Team until 2099.

14.    After 5:00 p.m. on March 19, 2020, UCO officials sent out an email to UCO's media department, which created a published news story about the UCO Defendants' investigation and findings.

15.    On March 20, 2021, at approximately 9:32 a.m., the President of UCO issued a statement to the media about the incident, investigation, etc.   At approximately 2:20 p.m., on the same date, the lower classmen on the Cheer Team received an email about the events and decisions made by the UCO Defendants.

16.    On March 21, 2021, the Cheer Team attempted to hold a team meeting with Coach Jenni and Kay Robinson, Assistant Vice-President for Student Affairs. Nothing was accomplished, and after approximately one hour, the meeting abruptly ended.

17.    On March 23, 2021, after meeting among themselves, a group of cheerleaders and parents sent a letter to the UCO President requesting a meeting to address this matter directly.   The next day a meeting was denied by UCO.

18.    It appears that some of the Cheer Team members were designated as "Instigators" and received more severe punishment.   One member of the "Rookies" (i.e.,

5

**Exhibit 2**

the alleged group of victims of the so-called hazing) was designated as an Instigator and punished as such. She called UCO and asked what she was accused of doing and UCO would not tell her. In frustration, she asked what she could do to find out and was told to make a "records request" and they would get that information to her within a day.

19.    She made the records request Monday, March 29, 2021, just as UCO had advised her to do. The next day, she became concerned because she received no records or information from UCO, and nothing was available they next day. Her appeal deadline was Wednesday March 31, 2021, so she called UCO's office again. This time, she spoke to a man named Rod.[4] He claimed that UCO had forty-five (45) days to get a response to her records request. He said he was busy and didn't have time to deal with her right now; she would need to wait 45 days. She told him she wanted to know what she was accused of doing, so that she could appeal it, and he said he wasn't going to argue with her.

20.    She still does not have that information.

21.    On or about March 31, 2021, UCO informed the Cheer Team their "appeal hearing" would occur on April 13, 2021. In other words, they had five (5) business days to prepare an appeal, not knowing what the charges were or what had been decided by UCO and not seeing any records yet.

22.    There was no hearing. The Team Members were never permitted to see any of the documents or charges against them at any time before UCO's decision. Plaintiffs were only allowed to choose one group representative to review the "Book" after UCO made its decision. The "Book" contained documents with redacted

---

[4] Probably Rod Costner, UCO Assistant Director Student Conduct, and the investigator.

**Exhibit 2**

information.  UCO Defendants insisted this review of the "Book" take place on campus, in a designated room, and no copies were allowed.  The designated group representative was allowed to bring one team member and a "representative" into the room and no one else.  The "Book" reveals that a decision in the appeal is already a foregone conclusion. All of that was done on or about April 8, 2021, leaving just two (2) business days to prepare for the scheduled "appeal hearing" on April 13, 2021.  The entire team appears to be allotted twenty minutes for the appeal.

23.     Due to the actions of the UCO Defendants, its agents, servants, employees, officers, and officials, Plaintiffs have not been allowed to ask questions about the accusations. They were threatened that if they talked about the girl who filed a complaint against them, they would all be expelled from UCO, despite not knowing what was said. The University has refused to communicate with these student's parents, saying that they just deal with the girls.  UCO's representatives have also asked inappropriate questions in their interviews.  For example, the interviewer asked one of the girls if she would give his boss a spray tan. He commented on how pretty her nails were etc.  Plaintiffs are not permitted to complain.

24.     Plaintiffs are denied their fundamental rights to Freedom of Association, Privacy, and Equal Protection.  They have not been given any notice, much less fair notice.  They certainly did not get a meaningful opportunity to be heard pre-suspension. They were not allowed a true appeal post-suspension.  UCO's actions further denied Plaintiffs a reasonable chance to be prepared and deprived them of a fair opportunity to have a meaningful hearing.

7

**Exhibit 2**

25.     Plaintiffs' Liberty Interests are impacted as well, especially due to UCO's press releases, which have stigmatized them, damaged their permanent records, as well as the disparate treatment they have been subjected to being a predominately female team. They have been publicly accused of criminal conduct, which is unfounded.

26.     Plaintiffs have been denied the Due Process right of calling and cross-examining witnesses and having a reasonable opportunity to defend the charges.

27.     The charges and punishment are in violation of Title IX and invidiously discriminate against Plaintiffs as female athletes.  Many of the alleged violations are permitted if committed by men; UCO just elects not to label them as "hazing."  For example, attending almost any football or basketball game would show numerous coaches and upper class teammates, on the sidelines of the event, with players participating in the precise equivalent of being "yelled at in a military fashion."  For some reason, that does not count when done by males.

28.     The document entitled "History of Sanctions Assigned to UCO Organizations as a Consequence of Hazing Violations"[5] dated April 9, 2021, identifies six prior incidents during the period 2015 through 2020.  Four were fraternities and two were sororities.  Plaintiffs were not provided the specifics.

29.     Two fraternities received "deferred suspensions,"[6] the other two fraternities received 6+ months and 13-months.  The two sororities received 14+ months and 19-month suspensions (or until the verified graduation or completed transfer of all current

---

[5]  Provided without restriction by Rod Costner of UCO on Friday April 9, 2021 at 2:05 p.m.
[6]  "Be Good" suspensions. If they don't be good they will actually be suspended.

**Exhibit 2**

members as of October 17, 2017).  On average, the actual suspensions for men was (19 divided by 4) 4.75 months.  The average for the women was (33 divided by 2) or 16.5 months.

30.    Plaintiff's sanctions were much harsher than the men:

a.     Shutdown/moratorium of the Cheer Team and Stunt Team until end of Spring 2021 semester[7]
b.     Two-year suspension from competing on a national level
c.     Cheer Team on a two-year probation
d.     Annual hazing prevention training/education for all members
e.     Annual Bystander training
f.     Membership review process will be conducted for all members who wish to try out next year
g.     Immediate removal/suspension of all Cheer Team members who participated in the hazing

31     That in order to protect Plaintiffs from such immediate and irreparable injury, loss and damage as will result from an appeal hearing being held on April 13, 2021 and further actions being taken in violation of their rights as set forth herein, Plaintiffs hereby request that a Temporary Restraining Order issue immediately restraining UCO, and its agents, servants, employees, officers, and officials or related entities from proceeding or enforcing any sanctions against Plaintiffs, and other similarly situated, until such time as the pending charges against them are properly established providing them Due Process of Law including, but not limited to, full and complete notice, copies for each accused of all of the evidence against them, the right to call witnesses, and the right to confront and cross-examine those that persons that accuse them, including any witnesses regarding any actions deemed to violate the policies and

---

[7] Since that has passed we assume it is stated in error.

**Exhibit 2**

procedures of UCO. Plaintiffs further request a temporary and permanent injunction prohibiting Defendants from taking any action against them until such time as they have been afforded the Due Process referred to herein.

32.    That Plaintiffs request a Temporary Restraining Order be issued in this matter, that a date and time certain be set for hearing on such Petition for Temporary Injunction requested herein, and that the provisions of the Temporary Restraining Order requested herein remain in full force and effect until hearing upon the Temporary Injunction.

33.    That the need for a Temporary Restraining Order and Temporary Injunction in this cause is to protect Plaintiffs from the immediate and irreparable injury, loss and damage which will result from the actions of Defendants.

34    That any relief accorded Plaintiffs by and through the UCO rules have not and will not be adequate, nor sufficient, to speedily prevent the immediate and irreparable injury, loss and damage which Plaintiffs have suffered and will suffer, and, therefore, prior notice of the issuance of the Temporary Restraining Order requested herein, pursuant to Okla. Stat. tit. 12, § 1384.1, should not be required.

WHEREFORE, above premises considered, Plaintiffs, Alyssa Merkley, Zoe Grigg, Kalei Martin, Kalsey Cole, McKenzie Bookout, Raegan Foster, Brinley Dunlap, Abbey Thompson, Dakota Ross, and Demi Weer, pray that the Court issue immediately a Temporary Restraining Order restraining UCO, and its agents, servants, employees, officers, and officials or related entities from proceeding or enforcing any sanctions against Plaintiffs, and other similarly situated, until such time as the pending charges

10

**Exhibit 2**

against them are properly established providing them Due Process of Law including, but not limited to, full and complete notice, copies for each accused of all of the evidence against them, the right to call witnesses, and the right to confront and cross-examine those that persons that accuse them, including any witnesses regarding any actions deemed to violate the policies and procedures of UCO, and for such further relief as this Court deems just, proper and right.

Respectfully submitted,

R. Scott Adams, OBA #13003
Adams & Associates, PC
401 N. Hudson Ave., Suite 100
Oklahoma City, OK 73102
Phone: (405) 232-9100
Fax: (405) 232-9114

Carl Hughes OBA #4463
Kenneth Hughes ##21706
1218 E. 9th Street, Suite 8
Edmond, Oklahoma 73034
(405) 848-0111
(405) 848-3507 fax
Email: carl.hughes@sbcglobal.net

*Attorneys for Plaintiff*

CERTIFICATE OF COUNSEL

I hereby certify that on April 12, 2021 I attempted to contact the UNIVERSITY OF CENTRAL OKLAHOMA [Patti Neuhold-Ravikumar, President, pneuhold@uco.edu; 405-974-2311] and [Rod Costner, Investigator and VP for Enrollment & Student Success wcostner@uco.edu (405) 974-3516 by telephone and email to discuss this matter with them and apprise them of our intention to seek a temporary restraining order. I also faxed a copy of this pleading.

SCOTT ADAMS

**Exhibit 2**

## VERIFICATION

COMES NOW Brinley Dunlap of lawful age, under oath, and deposes and states as follows:

1.    I make this affidavit of my own personal knowledge.

2.    I have reviewed the facts stated in this Petition for Writ of Mandamus, or Alternatively, For Writ Of Prohibition, And Application for Temporary Restraining Orders, And For Temporary and Permanent Injunction and the facts stated therein are true.

## VERIFICATION

I state under penalty of perjury under the laws of Oklahoma that the foregoing is true and correct.

April 12, 2021    Edmond, Oklahoma          *Brinley Dunlap*
          (Date and Place)

12

**Exhibit 2**